38519. FRANKLIN ACCEPTANCE, INC. v. SALTER.

Decided November 29, 1960.

*Henry J. Heffernan,* for plaintiff in error.
*John F. Hardin,* contra.

BELL, Judge. The motion for a new trial here is based solely on the general grounds.

The plaintiff, by agreement of the parties, introduced into evidence a letter signed by its president and treasurer which set forth two exhibits listing payments by the defendant on the note, plus credits issued by the plaintiff to the defendant for merchandise returned, which exhibits also showed the method by which the plaintiff had credited these to the defendant's accounts. The brief of evidence shows that there were indisputably at least three different notes in the accounts between the parties, and, as we interpret the evidence, the credits which the defendant introduced into evidence were in some cases applied to notes other than the one involved in the present action. All of the checks, totaling $690, listed in the brief of evidence, which were introduced by the defendant, appear to have been credited in full on the note sued on. While the amount of other credits evidenced by credit memoranda issued by the original payee of this note to the defendant totaled $2,635.54, the undisputed evidence of the plaintiff shows that about $1,018.92 of these credits was applied to other obligations which the defendant owed to the plaintiff. The plaintiff had the right, so far as appears from this record, to allocate the credits issued to the defendant or payments made by the defendant to any of the several debts which were owing between the parties. *Code* § 20-1006 provides in part, "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election." The record does not disclose that the debtor defendant directed that any of the payments made or credits issued be appropriated to any particular note. Accordingly, the plaintiff had the right to elect, as he apparently did, to apply the payments or credits to any of the claims held by him.

From the brief of evidence submitted to this court, there appears to be no evidence whatsoever to support the verdict for the sum of $173.25. Further, there is in the brief of evidence nothing of probative value to prove specifically payments or

items of credit which should have been applied against the note other than those which were so applied. From the examination of the record, it appears that the verdict and judgment applied credits to the note here sued on which the plaintiff appears to have applied to other obligations of the defendant. The judgment being contrary to the evidence, it is accordingly

*Reversed. Felton, C. J., and Nichols, J., concur.*